IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WALTER CRAIG                                                                                    PLAINTIFF

vs.                                             Civil No. 4:16-cv-04024

NANCY A. BERRYHILL                                                                       DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Walter Craig ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability applications on December 11, 2008. (Tr. 10). In these applications, Plaintiff alleges being disabled due to a head injury, back problems, ankle injury, gout, arthritis, carpal tunnel syndrome, and anxiety. (Tr. 177). Plaintiff alleges an onset date of October 25, 2007. (Tr. 10). These applications were denied initially and again upon reconsideration. (Tr. 87-90).

Plaintiff's applications were denied again after an administrative hearing. (Tr. 7-24).

1

Thereafter, Plaintiff appealed his case to this Court. (Tr. 725-734). This Court reversed and remanded Plaintiff's case for further administrative review. *Id.* After remand, the ALJ held a second administrative hearing on August 27, 2014 in Texarkana, Arkansas. (Tr. 681-724). At this hearing, Plaintiff was present and was represented by counsel. *Id.* Plaintiff and a Vocational Expert ("VE") Ms. Vesti testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). (Tr. 688-689). As for his education, Plaintiff testified he had only completed the eighth grade in school. (Tr. 689).

On July 2, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 654-674). The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2012. (Tr. 659, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 25, 2007, his alleged onset date. (Tr. 659-660, Finding 2). The ALJ determined Plaintiff has the following severe impairments: degenerative disc disease of both the lumbar and cervical spine status/post remote surgeries, degenerative joint disease in the left ankle status/post remote surgery, major depressive disorder, anxiety disorder, and personality disorder. (Tr. 660-662, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 662-665, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 665-672, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the capacity to perform a wide range of light work:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). That is, the claimant can lift and/or carry 20 pounds occasionally and less than 10 pounds frequently, stand and/or walk for 2 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. However, he cannot climb ladders, ropes, or scaffolds and can only engage in all other postural functions occasionally. From a mental standpoint, the claimant can learn, understand, remember, and carry out simple instructions and tasks. In such a work setting and environment, he can also use judgment in making work-related decisions, adapt to and deal with simple changes in work setting and environment, maintain attention and concentration for 2-hour intervals, and respond appropriately to others. However, his contact with coworkers and the public must be minimal or incidental.

*Id.*

Considering his RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of his PRW. (Tr. 672, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 673, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 665-672, Finding 5). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative sedentary occupations such as (1) system surveillance monitor with 2,091 such jobs in Arkansas and 25,119 such jobs in the United States; (2) callout operator with 4,496 such jobs in Arkansas and 76,274 such jobs in the United States; and (3) lamp shade assembler with 3,344 such jobs in Arkansas and 65,155 such jobs in the United States. (Tr. 673). Because Plaintiff retained the capacity to perform other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 25, 2007 (alleged onset date) through July 2, 2015 (ALJ's decision date). (Tr. 673, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 641-644). Thereafter, on January 29,

2016, the Appeals Council denied Plaintiff's request for review and did not assume jurisdiction of Plaintiff's case. *Id.* On March 21, 2016, Plaintiff filed his Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 11-12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

4

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the following: (A) the ALJ erred in disregarding the opinions and findings of his treating physician, Dr. Michael Young, M.D.; (B) the ALJ erred in failing to consider all of his impairments in combination; (C) the ALJ erred in considering his subjective complaints; and (D) the ALJ erred in evaluating his RFC. ECF No. 11 at 1-20. The Court will consider each of these arguments.

5

    **A.    Treating Physician**

Plaintiff claims the ALJ erred by disregarding the findings of his treating physician, Dr. Michael Young, M.D. (Tr. 670-671). Specifically, in September of 2010, Dr. Young found Plaintiff suffered from a number of limitations, including being able to rarely lift less than 10 pounds and never being able to lift 10 pounds or above. (Tr. 637-640). Dr. Young stated re-stated these findings on August 20, 2014:

> Walter Craig, dob 11/2/67, recently moved his records to Dr. Nix of Texarkana. He has not been in the office since May 2014. To the best of my knowledge from the previous form is still correct and the same limitations still apply. It might be beneficial to discuss this with his new primary care physician.

(Tr. 988).

In the ALJ's disability determination, the gave the Dr. Young's opinions "little weight because they are inadequately supported and are inconsistent with substantial evidence of record." (Tr. 671). Plaintiff claims the ALJ made this determination in error. ECF No. 11 at 13-15. Upon review, however, the letter from August 20, 2014 provides essentially no opinions regarding limitations and merely incorporates the findings from September of 2010, which may or may not still apply to Plaintiff. Thus, the ALJ properly discounted this letter.

Further, while Dr. Young stated in September of 2010 that Plaintiff suffered from a number of limitations, including lifting restrictions, Plaintiff's treatment records from Dr. Young conflict with that finding. For example, his records demonstrate that on June 17, 2010, shortly before Dr. Young provided this statement regarding Plaintiff's limitations, Plaintiff reported he was able to mow his yard. (Tr. 626). Specifically, Plaintiff reported injuring himself while mowing the lawn.

Certainly if Plaintiff was suffering from disabling pain, he would be unable to mow his yard.[1]

Additionally, the majority of Dr. Young's records reflect Plaintiff's self-reporting of pain and attempts at being awarded disability. (Tr. 626-627). The majority also reflect very inconsistent medical treatment. Thus, the Court cannot find the ALJ erred when he disregarded Dr. Young's findings.

  **B.**  **Impairments in Combination**

Plaintiff claims the ALJ "sidestepped the requirement that the claimant's impairments be considered in combination." ECF No. 11 at 15. As an initial matter, the mere fact Plaintiff has been diagnosed with several different impairments does not establish he is disabled. Plaintiff is correct that the ALJ is required to consider all of his impairments in combination in determining whether he is disabled. *See* 20 C.F.R. § 404.1523 (2011). These diagnoses, however, do not necessarily establish he is disabled. *See, e.g., Jones v. Astrue,* 619 F.3d 963, 972 (8th Cir. 2010) (recognizing that a diagnosis does not *per se* establish a disability).

Instead of merely evaluating the diagnoses, the Court should consider whether the ALJ properly considered Plaintiff's impairments in combination. In the present action, the ALJ stated Plaintiff did not have a "combination of impairments" that met or medically equaled one of the Listings. (Tr. 662-665, Finding 4). The ALJ also fully evaluated Plaintiff's medical records and referenced his alleged disabilities in his opinion. (Tr. 665-672). Such analysis and these statements in the ALJ's opinion demonstrate he properly considered Plaintiff's impairments in combination. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence

---

[1] The fact Plaintiff could mow his yard is also in direct conflict with this report from January of 2009 wherein he stated he could not do yard work or "work outside." (Tr. 198).

*as a whole* does not show that the claimant's *symptoms* ... preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work ..." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments). Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered the Plaintiff's impairments in combination.

### C. Subjective Complaints

Plaintiff claims the ALJ did not properly evaluate his credibility. ECF No. 11 at 16-18. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v.*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ properly considered Plaintiff's subjective complaints. Indeed, in addition to making other findings, the ALJ specifically noted a specialist found Plaintiff's back problem was nonsurgical, which "significantly detracts from the credibility of the claimant's allegation of disability." (Tr. 669). The ALJ noted Plaintiff continued to smoke "despite having been counseled against smoking." *Id.* The ALJ recognized this habit "is inconsistent with an allegation that the claimant has exhausted every possibility to improve his condition or that additional treatment modalities are unaffordable." *Id.*

Furthermore, the ALJ noted Plaintiff was consistently treated "with conservative treatment such as medication or pain management." (Tr. 668). The ALJ noted Plaintiff's doctor had reported Plaintiff "seemed to exaggerate his physical symptoms." *Id.* Based upon this information, the Court finds the ALJ has supplied "good reasons" for discounting Plaintiff's subjective complaints. *See Dixon v. Sullivan,* 905 F.2d 237, 238 (8th Cir. 1990) (recognizing a court will normally defer to an

ALJ's evaluation of a claimant's subjective complaints if that determination is supported by "good reasons"). Thus, the Court finds no basis for reversal on this issue.

  D.  **RFC Evaluation**

Plaintiff claims the ALJ did not properly evaluate his RFC. ECF No. 11 at 18-19. In making this argument, Plaintiff again argues that the ALJ did not properly consider his impairments *in combination. Id.* As stated above, however, the ALJ fully and properly considered his impairments in combination. Thus, the Court finds no basis for reversal on this issue.

**4.**  <u>**Conclusion:**</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

  **ENTERED this 27th day of March 2017.**

                /s/ Barry A. Bryant
                HON. BARRY A. BRYANT
                U.S. MAGISTRATE JUDGE